## HULDAH LANFAIR *versus* EPHRAIM LANFAIR.

Land was conveyed by L. to S., and at the same time an indenture was executed by the parties which set forth, that S. " demised, granted and to farm let " the premises to L., to have and to hold during the life of L., for the purpose, that S. should maintain L. for life ; and that " the lease aforesaid is given by S. for the purpose of securing to L. the maintenance aforesaid." S. died in the lifetime of L. It was *held*, that the indenture was a mortgage ; and that after the death of L. the widow of S. was entitled to dower in the land, as against a person claiming under S.

THIS was an action of dower.

By an agreed statement of facts it appeared, that previously to August 1827, the plaintiff was married to Samuel Lanfair ; that on August 23d, 1827, Leonard Lanfair, being seised of the premises described in the writ, executed two warranty deeds purporting to convey the same to Samuel ; but that the deeds were not delivered to Samuel until March 22d, 1828, on which day an indenture was executed by and between Samuel and Leonard, setting forth that Samuel, " for the consideration hereafter mentioned, &c. doth hereby demise, grant

Lanfair
v.
Lanfair.

and to farm let, unto the said Leonard Lanfair, his heirs, executors, administrators and assigns," the premises in question, "being the same tracts of land, which the said Leonard Lanfair conveyed to me by his deeds dated the 23d day of August last past, for a particular description thereof reference may be had to said deeds, with all the privileges and appurtenances thereto belonging. To have and to hold the said demised premises, with their appurtenances, for and during the term of the natural life of the said Leonard Lanfair, from the day of the date hereof, to be complete and ended. It is to be remembered, that the abovementioned deeds by the said Leonard Lanfair, conveying the beforementioned premises to me, the said Samuel Lanfair, were given for this purpose, to wit, that I, the said Samuel Lanfair, should maintain the said Leonard Lanfair and his present wife, during the whole term of their natural life, and provide for them, during the whole of said term, sufficient and comfortable meat, drink, clothing, lodging, nursing and medical aid, both in sickness and health, suitable for their age and circumstances in life, with the use of such part of the dwellinghouse upon the premises as may be necessary for their use, and such as they may choose. And the lease aforesaid is given by me the said Samuel Lanfair, for the purpose of securing to the said Leonard Lanfair the maintenance aforesaid."

Samuel, with his wife and family, lived on the premises, and took care thereof, from October 1st, 1827, until his death, in September, 1830. Leonard remained on the premises in the family of Samuel, until December 11th, 1827, at which time he was married ; and after that time he continued to live in the house, together with his wife, performing such labor as he was able and chose to do, and being in part supported by Samuel from the produce of the farm, until the death of Samuel.

It further appeared that Samuel died insolvent ; that on October 12th, 1830, Sylvester S. Newcomb was duly appointed administrator of his estate ; that Leonard, among other creditors of Samuel, exhibited a claim against his estate, consisting of charges for labor and articles sold, a part of which was added to the list of claims against the estate, by the determination of

referees duly appointed ; that in pursuance of a license from the Probate Court, the administrator, on June 18th, 1833, sold and conveyed all the title and interest of Samuel in the premises to Orlando Ware, by a deed reserving and excepting all the rights of Leonard, and also any right of the plaintiff to dower therein ; that on May 29th, 1834, Ware released and quitclaimed all his right and interest in the same to the defendant ; and that the defendant was in possession thereof by virtue of this conveyance, on the 8th of July, 1835, when the plaintiff demanded of him to have her dower assigned to her therein.

Leonard, after the death of Samuel, had the exclusive possession of the premises until his own death, which took place in April, 1835, he having ordered the plaintiff to quit the same. The widow of Leonard lived with the family of the defendant.

If the Court should be of opinion, that the plaintiff was entitled to dower as claimed in her writ, the defendant was to be defaulted ; otherwise the plaintiff was to become nonsuit.

*Alvord* and *R. E. Newcomb*, for the plaintiff, to the point, that if the indenture was to be considered as a lease for life to Leonard, carved out of the fee, it did not bar the plaintiff's right to dower, as in such case Samuel, after the execution of the indenture, continued to be seised of the remainder, which was a valuable interest, cited *Nash* v. *Preston*, Cro. Car. 190 ; Bac. Abr. *Dower*, *B* 3, note, cites Co. Litt. 32 *a ;* to the point, that the defendant had no right to dispute the seisin of the plaintiff's husband as he derived his title from him, *Bancroft* v. *White*, 1 Caines's R. 185 ; *Kimball* v. *Kimball*, 2 Greenleaf, 226 ; *Hitchcock* v. *Harrington*, 6 Johns. R. 290 ; *Collins* v *Torrey*, 7 Johns. R. 278 ; *Hitchcock* v. *Carpenter*, 9 Johns. R. 344 ; and to the point, that this indenture, being made at the same time when the deeds were delivered to Samuel, instead of being a lease for life, was in fact a mortgage, and if so, that the plaintiff was clearly entitled to dower, *Hildreth* v. *Jones*, 13 Mass. R. 525 ; *Bolton* v. *Ballard*, 13 Mass. R. 227 ; *Bird* v. *Gardner*, 10 Mass. 364 ; *Snow* v. *Stevens*, 15 Mass. R. 278 ; *Goodwin* v. *Richardson*, 11 Mass. R 169 ; *Barker* v. *Parker*, 17 Mass. 564 ; *Walker* v. *Gris-*

Lanfair
*v.*
Lanfair.

*Sept. 28th.*

<div style="float:left">Lanfair<br>v.<br>Lanfair</div>

*wold*, 6 Pick. 416 ; *Carey* v. *Rawson*, 8 Mass. R. 159 *Coates* v. *Cheever*, 1 Cowen, 478 ; *Fish* v. *Fish*, 1 Connect, R. 559 ; *Clark* v. *Henry*, 2 Cowen, 324 ; *Wilder* v. *Whittemore*, 15 Mass. R. 262 ; *Colman* v. *Packard*, 16 Mass. R. 39 ; *Parks* v. *Hall*, 2 Pick. 211.

*Grennell* and *Brainard*, for the defendant. By the execution of the indenture, Samuel reconveyed a freehold estate in the premises to Leonard, and consequently he was seised but for an instant. His widow is, therefore, not entitled to dower. *Holbrook* v. *Finney*, 4 Mass. R. 568.

After the conveyance by Samuel of an estate for life to Leonard, Samuel was seised of only a vested remainder, of which a widow is not dowable. *Eldredge* v. *Forrestal*, 7 Mass. R. 253 ; *Fisk* v. *Eastman*, 5 New Hamp. R. 240 , Co. Litt. 32 *a* ; *Duncomb* v. *Duncomb*, 3 Levinz, 437 ; 1 Fearne on Cont. Rem. 509.

The indenture was not a mortgage. To constitute a mortgage, there must be a condition of defeasance. *Moore* v. *Esty*, 5 New Hamp. R. 479.

It is said, that the defendant is estopped to dispute the seisin of Samuel, as he derives his title from him. The defendant does not deny, that Samuel had such a seisin as would enable him to give a title ; but he denies that he was so seised as to entitle his widow to dower. *Moore* v. *Esty*, 5 New Hamp. R. 479 ; *Kimball* v. *Kimball*, 2 Greenleaf, 226.

The reservation in the deed to Ware cannot create any title to dower, not existing before.

*Sept. 30th.* PUTNAM J. delivered the opinion of the Court. The main question is, whether the plaintiff is entitled to recover her dower in the estate of Samuel Lanfair, her late deceased husband ; and that question depends upon the fact, whether or not he was seised, during the coverture, of such an estate in the premises whereof his widow was dowable. There would be no doubt in the case if it depended entirely upon the deed of Leonard to Samuel Lanfair ; for that conveys a fee simple estate. But the case finds, that Samuel made an instrument under seal, granting a freehold estate to Leonard, at the same time when the deed of Leonard to Samuel was delivered

These deeds are to be construed together, in order to arrive at their true meaning and legal effect.

On the part of the tenant it is contended, that as Samuel, the grantee, reconveyed a freehold estate in the premises, he was seised but for an instant, and if so, his widow is not dowable ; that after the conveyance to Leonard of the freehold estate, Samuel Lanfair was seised only of a vested remainder, of which a widow is not dowable ; which result would follow, .f Samuel, during the coverture, had only a seisin of a vested remainder of a fee simple.

The demandant contends, that the tenant derives his title under the administrator of the estate of Samuel, and that the right of the demandant to dower was reserved and excepted in the deed of the administrator to the grantor of the tenant, whose rights were acquired by the tenant, subject to such exception and reservation.

The demandant further contends, that the instrument made by Samuel to Leonard was in effect a mortgage, and that the estate of Leonard, the mortgagee, has determined by his death, and so the demandant is entitled to dower in the same, as she would have been if no such deed of mortgage had been given. The tenant denies that the instrument given by Samuel to Leonard was a mortgage, and relies upon *Moore* v. *Esty*, 5 New Hamp. R. 479, and *Fisk* v. *Eastman*, 5 New Hamp. R. 240.

The demandant further contends, that if the instrument of reconveyance was not a mortgage, yet inasmuch as it reconveyed only a part of the estate to Leonard, leaving Samuel seised of the remainder, which was a valuable interest, it disproves the allegation of instantaneous seisin.

We proceed to examine the effect of the instrument given by Samuel to Leonard, to ascertain whether or not it is a mortgage.

It is to be construed with reference to the whole instrument, as connected with the deed of Leonard to Samuel, and as a part of the transaction. An enlarged and liberal, rather than a microscopic view, is to be taken, in order to ascertain and carry into effect the intent of the parties. It expresses, upon its face, that it is given by Samuel to Leonard Lanfair for the

purpose of securing to Leonard the maintenance, which Samuel was to provide for Leonard and his wife. It is a security. And this is a *sine qua non* of a mortgage. If the instrument be made as a security for the payment of a debt, or the performance of a duty, it is a mortgage. And the substance, and not the mere form, of the instrument is to be regarded. It is of no consequence, that it is called by a wrong name The effect of the instrument will ascertain its legal character The words employed by Samuel are, that he " doth hereby demise, grant and to farm let " to Leonard, the premises which Leonard had conveyed to Samuel, " to have and to hold the said *demised* premises, with their appurtenances, for and during the term of the natural life of the said Leonard." Now this is a grant of a freehold estate to Leonard ; and if nothing more were contained in the instrument, it would be an absolute grant of a freehold estate. But there is much more and important matter, to show the purpose for which the grant was made. It is said, that the deeds by Leonard to Samuel, and the lease, (as it is called,) were given for this purpose, to wit, that " the said Samuel Lanfair should maintain the said Leonard Lanfair and his present wife, during the whole term of their natural life, and provide for them during the whole of said term, sufficient and comfortable meat, drink, clothing, lodging, nursing and medical aid, both in sickness and health, suitable to their age and circumstances in life, with the use of such part of the dwelling-house upon the premises as may be necessary for their use, and such as they may choose." Here the intent is manifest. If Samuel did what he undertook to do, then, by the operation of law, the instrument was to be void ; but otherwise, in force. It is true, that those *words* are not written out, but the words before recited, viz. that the *lease was given as security, &c.* are inserted ; and if a deed be given as collateral security, it would follow, that performance should divest the right of the grantee in the thing conveyed. Such a conveyance necessarily implies, that it is upon condition.

Now it could not be, and has not been questioned, but that a man may make a valid mortgage of an estate for life, or for years, as well as of an estate, or part of an estate, in fee

Lanfair
*v.*
Lanfair.

as collateral security. After a full consideration of the cases cited by the counsel, we are all very clearly of opinion, that the instrument before described, of Samuel to Leonard Lanfair, was, in legal effect, a mortgage upon condition to perform the duties therein set forth. So far as concerns the mortgage, the title of the mortgager is good, except against the mortgagee. The demandant has made no release of her dower. And the case finds, that Leonard Lanfair, the mortgagee, deceased long before this action was brought. So the freehold estate, which was mortgaged, has terminated. The claim of the demandant to dower is not now affected by that mortgage. The tenant does not claim any thing in the estate under Leonard Lanfair, but, as before stated, only under a conveyance by the administrator of the mortgager. But the claim to dower is paramount.

Being all of the opinion before expressed, we do not think it necessary to decide upon the other points presented for consideration.

The judgment of the Court is, that the demandant is entitled to recover. And according to the agreement of the parties, the tenant must be defaulted.